UNITED STATES  BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

## SECOND AMENDED CHAPTER 13 PLAN

CASE NO. **11-17449**

DEBTORS:  **David Squibb**    SS #: **xxx-xx-6543**

SS #:

TERM OF THE PLAN:  **60**

(If the plan is longer than thirty-six (36) months, a statement of cause, pursuant to 11 U.S.C. § 1322(d) must be attached hereto)

**TOTAL PLAN PAYMENT:  Debtor(s) to pay monthly:**   **$166**

## I. SECURED CLAIMS:

### A. Claims to be Paid Through the Plan (Including Arrears):

#### (1) Arrears on Unmodified Secured Claims to be Paid Through the Plan

The defaults incurred with respect to the secured claims of the following creditors shall be cured pursuant to 11 U.S.C. §§ 1322(b)(3) and (5) through the payment of the arrears listed below over the term of this Chapter 13 Plan:

| Mortgagee/ Lienor | Description of Claim | Pre- or Post-Petition | Amount of Arrears |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  | **Total Arrears to be Paid:** | **$0** |

#### (2) Unmodified Secured Tax Claims to be paid through the Plan

| Taxing Authority | Nature of Tax Claim | Amount of Secured Claim |
|---|---|---|
|  |  |  |
|  |  |  |
|  | **Total Arrears to be Paid:** | **$0** |

#### (3) Claims Subject to Modification to be Paid Through Plan

The claims listed below are hereby bifurcated pursuant to 11 U.S.C. §§ 506(a) and 1322(b)(2).

Any claim amount in excess of the value of the collateral securing it is placed into Class IV.

| Mortgagee or Lien Creditor | Claim Amount | Collateral Value | Interest Rate | Amortiz. Period | Monthly P & I Pay't | Sum of P & I Pay't's |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

**N.B.** If the Amortization Period set forth above for any of the mortgages or liens requires a final "balloon payment", such payment shall be made in the manner set forth below:

☐ Refinancing

☐ Sale

☐ Other: _____

| Mortgagee/ Lienor | End Term Payment | Projected Loan-to-Value Ratio at Plan Conclusion |
|---|---|---|
| | | N/A |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**Total of Payments of Modified Secured Claims:**    $0

**Total Amount of All Class I Secured Claims to be Paid Through the Plan:**    $0

**B. Secured Claims to be Paid Directly to Creditors (Not through Plan):**
Each secured claim listed below shall be paid in full, outside the plan,
in accordance with the original terms of the contract underlying such claim.

| Mortgagee/ Lien Creditor | Description of Secured Claim | Is Debtor Current |
|---|---|---|
| Bank of America, N.A. | 22 Worcester Sq, #2, Boston, MA | Y |
| Chittenden Bank | 1952 Ford Customline Tudor Sedan | Y |
| | | |
| | | |

## II. PRIORITY UNSECURED CLAIMS:

The following claims entitled to priority under 11 U.S.C. §§ 507 and 1322(a)(2)

shall be paid in deferred cash payments totalling the amount so listed:

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| | | |
| | | |
| | | |

**Total Amount of Class II Priority Claims to Be Paid Thorugh the Plan:**    $0

## III. ADMINISTRATIVE CLAIMS:

**A. Total Amount of Attorneys Fees (to be Paid Through the Plan):**    _____
(to be paid during first 12 months of plan)

**B. Other Administrative Claims:**

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| | | |
| | | |

**C. Chapter 13 Trustee's Commission**
The Chapter 13 Trustee's fee is determined by order of the United States Attorney General.
The calculation of the Plan payment set forth below utilizes a 10% trustee's commission.
In the event that the trustee's commission is less than 10%, the additional funds collected
by the trustee shall be disbursed to unsecured creditors up to 100% of the allowed claims.

Total Monthly Payment to Administrative Claim Holders:    $0

## IV. CLAIMS OF UNSECURED CREDITORS

### A. Treatment of Aggregated General Unsecured Claims

General unsecured creditors shall receive a dividend of ___16.35%___ of their claims.

#### (1) General Non-Priority Unsecured Claims

Total Amount of General Unsecured Claims:                    **$40,641**

#### (2) Unsecured Deficiency Claims from Class I(A)(3)

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

Total Amount of Unsecured Deficiency Claims from Class I(A)(3):    **$0**

#### (3) Unsecured Claims Arising after Lien Avoidance

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
|  |  |  |
|  |  |  |

Total Amount of Unsecured Avoided Lien Claims from Class V(B):    **$0**

#### (4) Undersecured Claims Arising after Surrender of Collateral

| Creditor | Property to be Surrendered | Deficiency Claim Amount |
|---|---|---|
|  |  |  |
|  |  |  |

Total Amount of Surrendered Property Claims from Class V(C):    **$0**

**SUM OF ALL NON-PRIORITY UNSECURED CLAIMS:**    **$40,641**

**TOTAL DIVIDEND TO BE PAID TO ALL CLASS IV(A) CREDITORS:**    **$6,645**

### B. Treatment of Separately Classified General Unsecured Claims

The general unsecured claims of creditors are hereby classified separately and apart from other general unsecured claims and shall be paid according to the following terms:

#### (1) Claims for Long-Term Debts pursuant to 11 U.S.C. § 1322(b)(5)

The following claims, whose normal term of payments exceeds the term of this plan, shall be paid outside the Plan according to the contractual terms of the claim in accordance with the provisions of 11 U.S.C. §1322(b)(5).

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
|  |  |  |
|  |  |  |

#### (2) Claims for Long-Term Debts with arrears pursuant to 11 U.S.C. § 1322(b)(5)

The following claims, whose normal terms of repayment exceeds the term of this plan, include an arrears that will be paid through the Plan. The Debtor(s) will continue to make their regular post-petition payments outside the Plan

| Creditor | Description of Claim | Claim Amount | Amount of Arrears |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

**Total Arrears to be Paid:**    **$0**

**(3) Claims for Co-Obligated Consumer Debts pursuant to 11 U.S.C. § 1322(b)(1)**

The following claims, which are consumer debts upon which other individuals are also obligated to repay shall be paid outside the Plan according to the contractual terms of the claim as permitted by 11 U.S.C. §1322(b)(1).

| Creditor | Description of Claim | Claim Amount |
|----------|---------------------|--------------|
| | | |
| | | |

**(4) Claims for Co-Obligated Consumer Debts with arrears pursuant to 11 U.S.C. §§ 1322(b)(1) and (b)(3)**

The following claims, which are consumer debts upon which other individuals are also obligated to repay includes an arrears that will be paid through the Plan. The Debtor(s) shall continue to make the normal and usual payment outside the Plan according to the contractual terms of the claim as permitted by 11 U.S.C. §1322(b)(1).

| Creditor | Description of Claim | Claim Amount | Amount of Arrears |
|----------|---------------------|--------------|-------------------|
| | | | |
| | | | |

**Total Arrears to be Paid:** $0

**TOTAL CLASS IV(B) CLAIMS TO BE PAID THROUGH THE PLAN:** $0

## V. OTHER PLAN PROVISIONS:

**A. Real Estate or Other Assets to be Liquidated:**   (attach additional information as exhibit.)

**B. Lien Avoidance:**

The fixing of the liens of the following creditors shall be avoided as impairing the relevant exemption cited pursuant to and by operation of 11 U.S.C. § 522(f). The resulting claim shall be treated as an unsecured claim under Class IV(A)(3).

| Lien Creditor | Nature of Lien | Amount of Lien | Nature of Property | Exemption Impaired |
|---------------|---------------|---------------|---------------------|--------------------|
| | | | | |
| | | | | |

**C. Collateral to be Surrendered:**

The following property shall be surrendered to the secured creditor listed below pursuant to
11 U.S.C. § 1325(a)(5)(C). Any deficiency resulting therefrom shall be treated as an unsecured
claim under Class IV(A)(4).

| Secured Creditor | Property to be Surrendered | Amount of Claim | Value of Property | Amount of Deficiency |
|---|---|---|---|---|
| | | | | |

**D. Executory Contracts/Unexpired Leases:**

The Debtor hereby takes the following actions with respect to the contracts and leases set
forth below pursuant to 11 U.S. §§ 365 and 1322(b)(7):

| Name of Contracting Party | Nature of Contract | Assume or Reject | Arrears | Months to Cure |
|---|---|---|---|---|
| | | | | |

**Total Amount to Needed to Cure Default in Lease/Executory Contract:**                        **$0.00**

Name of Party to Whom Assumed Contract or Lease will be Assigned:

## VI. CALCULATION OF PLAN PAYMENT

|  |  |  |
|---|---|---|
| a. | Class I Secured Claims (Class I(A) Total): | $0 |
| b. | Class II Priority Claims (Class II Total): | $0 |
| c. | Class III Administrative Claims (Classes III(A) and (B) Only): | $0 |
| d. | Class IV(A) Unsecured Claim Total Dividend: | $6,645 |
| e. | Class IV(B)(2) Unsecured Long-Term Debt Arrears Claims: | $0 |
| f. | Class V(D) Executory Contract/Lease Arrears Claims: | $0 |
| g. | Sum of All Claims to be paid through Plan: | $6,645 |
| h. | Trustee's Commission: | $738 |
|  | (Equal to 10% of Total Cost of Plan) |  |
| i. | Total Cost of Plan: | **$7,383** |
|  | (This amount represents the total to be paid into the Chapter 13 Plan) |  |
| j. | Amount Paid into Chapter 13 Trustee to Date | $2,241 |
| k. | Remaining Amount to be paid under amended Chapter 13 Plan | **$5,142** |
| j. | Remaining Term of Chapter      **31**      Months |  |
| k. | Monthly Payment to Chapter 13 Trustee: | **$166** |
|  | (Total Cost of Plan Divided by Term of Chapter 13 Plan) |  |
|  | (Enter this Amount on Page 1 of Plan) |  |

Pursuant to 11 U.S.C. § 1326(a)(1), unless the Court Orders otherwise, a Debtor shall commence
making payments proposed by a plan within thirty (30) days after a Plan is filed.

**Other Plan Provisions:**

## LIQUIDATION ANALYSIS

### I. Real Estate (located at):

| Address | Collateral Value | Liens | Amount of Exemption | Avail. Ch. 7 |
|---|---|---|---|---|
| A. 22 Worcester Sq, #2, Boston, MA | $460,100 | $404,192 | $55,908 | $0 |
| B. | | | | |

Net Value of Equity: **$0**

Basis of Exemption: Mass. Gen. Laws c. 188 §1

(if homestead exemption, date of recordation: _____ )

Value of Real Estate determined by reference to: Town Assessors

### II. Automobile (describe year, make and model):

| | Value | Liens | Exemption | Avail. Ch. 7 |
|---|---|---|---|---|
| A. 1952 Ford Customline Sedan | $7,500.00 | $4,986.00 | $2,514.00 | $0 |
| B. 2005 Honda Element EX | $12,050.00 | $0.00 | $9,486.00 | $2,564 |

Basis of Exemption: Mass. Gen. Laws c.188 §34(16)(17)    Net Value of Equity: **$2,564**

Value of Automobiles obtained by reference to: www.kbb.com

### III. Household Goods and Wearing Apparel:

| | Value | Exemption |
|---|---|---|
| | $7,200.00 | $7,200.00 |

Basis of Exemption: 11 U.S.C. § 522(d)(3)    Net Value of Equity: **$0**

Value of Household Goods determined by: Debtor's Opinion of Value

### IV. Other Assets

| | Value | Amount of Exemption | Avail. Ch. 7 |
|---|---|---|---|
| A. Cash on hand | $50 | $50 | $0 |
| B. Checking accounts with Peoples United and BoA | $676 | $676 | $0 |
| C. Landscape print, Audobon print, collectibles | $1,500 | $1,500 | $0 |
| D. Waddell and Reed IRA | $22,670 | $22,670 | $0 |
| E brandsandwich.com | $0 | $0 | $0 |
| F | | | |
| G | | | |

Basis of Exemption: Mass.Gen. Laws. C.188§§34(2)(15)(17), 28A, 34  Net Value of Equity: **$0**

Value of Items determined by: Debtor's Opinion

**Total Liquidation Value of Bankruptcy Estate:** ========================> **$2,564**

Total Amount of Priority Debt Scheduled **$0**

Projected Chapter 7 Trustee Commision in the Event of Conversion to Ch. 7

Projected Other Costs of Administration in the Event of Conversion to Ch. 7 **$0**

Net Amount available for Distribution in the event of conversion to Ch. 7 **$2,564**

Based upon these exemptions, unsecured creditors would receive a dividend of: **6.31%**

Additional Comments regarding Liquidation Analysis:

Pursuant to the Chapter 13 Rules, the debtor or his or her counsel is required to serve a copy this Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a certificate of service with the court accordingly.

### STATEMENT OF CAUSE PURSUANT TO 11 U.S.C. § 1322(d)

To the extent that the term of the foregoing Chapter 13 Plan exceeds thirty-six (36) months, the Debtor(s) hereby provide the following basis of "cause" therefor:

**In order to assure the feasibility of the foregoing Chapter 13 Plan, extension of the plan term beyond three years is necessary**

**/s/ Richard N. Gottlieb, Esq.**                                         1/29/2014

Richard N. Gottlieb, Esq., Debtor's Counsel          Date

Law Offices of Richard N. Gottlieb

Eleven Beacon Street, Suite 625

Boston, MA 02108

(617) 742-4491

**I/WE DECLARE UNDER THE PAINS AND PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF MY/OUR KNOWLEDGE AND BELIEF.**

**David Squibb**                                                              1/29/2014

Debtor                                                                           Date


Co-Debtor                                                                      Date